IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEWAYNE M. JENNINGS, et al.,

    Plaintiffs,

v.

DWAYNE A. BODRICK, et al.,

    Defendants.

Case No. 2:09-cv-208
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Defendants' motion to dismiss Plaintiffs' fraud claims. (Doc. # 10.) For the reasons set forth below, the Court finds Defendants' motion not well taken.

### I. Background

Defendants Dwayne A. Bodrick and Kimberly Bodrick are residents of New Albany, Ohio. They own the company Liberty Group, an Ohio corporation, and hold themselves out as investment advisors, and solicit investment business. (Doc. # 6 ¶ 5.) Plaintiff Dewayne Jennings is a resident of Reynoldsburg, Ohio and entered into several investment agreements with Defendants. (*Id.* ¶ 4.) Plaintiff John W. Spencer is a resident of Columbus, Ohio who also entered into an investment agreement with Defendants. (*Id.*)

Jennings filed a complaint against Defendants, followed later by an amended complaint, which included Spencer, alleging breach of the Securities and Exchange Act of 1934, 15 U.S.C § 78 *et seq.*; namely, Plaintiffs allege that Defendants engaged in a scheme to defraud investors, such as Plaintiffs, through the sale of nonexempt unregistered securities. (*Id.* ¶ 13.) Plaintiffs further allege that the actions of Defendants violate the 1934 Act's prohibition on selling any

1

security that has any manipulative or deceptive device. (*Id*. ¶ 14.) Plaintiffs also aver that Defendants purported to hold, manage, or have a right to manage a pool of securities or other assets and to sell and invest these securities in other than a registered public offering. (*Id*. ¶ 15.) Plaintiffs claim that Defendants' misrepresentations were material, knowing, and factual. Plaintiffs further aver that Defendants represented to Plaintiffs that the company, Liberty Group, was in good financial condition and that it had the ability to repay any debt it incurred. (*Id*. ¶ 9.) Plaintiffs allege that Defendants also represented that Jennings' funds would be invested in high-yield foreign products, including products managed by Union Bank in Lagos, Nigeria. (*Id*.) In reliance on Defendants' misrepresentations, Jennings invested $40,000.00 with Liberty Group that has not been returned. (*Id*. ¶ 20.)

The amended complaint further alleges that Defendants engaged in fraudulent and deceptive practices in violation of Ohio Revised Code §§ 1707.01 to 1707.45, by selling and having sold to Plaintiffs unregistered securities. (*Id*. ¶ 23-26.) Pertinent to the motion before the Court is the allegation that Defendants' actions constitute fraud against Plaintiffs. Specifically, Plaintiffs assert that Defendants intentionally misrepresented the yields that would result from the investments, the nature of the investments, and the collateral for the investments to induce Plaintiffs to part with their assets.

Defendants filed a motion to dismiss Plaintiffs' fraud claims based on Plaintiffs' failure to state a claim upon which this Court may grant relief and for failure to follow Federal Rule of Civil Procedure Rule 9(b) (Doc. #10), which requires Plaintiffs to plead each element of the fraud claim with particularity. Plaintiffs filed their memorandum in opposition on May 8, 2009. (Doc. #20.) No reply memorandum was filed.

## II. Discussion

### A. Standard Involved

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiffs have set forth claims upon which this Court may grant relief. (Doc. #10.) Under the United States Supreme Court's recent articulation of the analytic standard involved in applying this rule, this Court must construe the amended complaint in favor of Plaintiffs, accept the factual allegations contained in the amended complaint as true, and determine whether Plaintiffs' factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 571; *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007); *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07CV2015, 2007 WL 3287359, at *2 (N.D. Ohio Nov. 5, 2007). Thus, "[d]ismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised." *Id.* (citing *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485 (6th Cir. 1990)). The Court shall presume that all well-pleaded allegations of the amended complaint are true and resolve all doubts and inferences in favor of the non-moving party. *See Albright v. Oliver*, 510 U.S. 266, 267 (1994).

### B. Analysis

Defendants' motion asserts that Plaintiffs failed to state a claim upon which this Court may grant relief by failing to plead fraud in their amended complaint with specificity and particularity pursuant to Rule 9(b). In order to state a claim for fraud under Ohio law,

> a plaintiff must allege (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying on it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Groob v. KeyBank*, 108 Ohio St. 3d 348, 357, 843 N.E.2d 1170, 1178 (2006) (citing *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54, 55, 514 N.E.2d 709, 712 (1987)). A plaintiff must meet the requirements of Rule 9(b) if the claim is to be sufficient on its face.

A heightened standard of pleading is therefore required when a plaintiff brings a claim for fraud, under which the circumstances constituting fraud must be stated with particularity. *See Shapiro v. Merrill Lynch & Co.*, 634 F. Supp. 587, 593 (S.D.Ohio 1986). The Sixth Circuit has explained that "[s]o long as a [party] pleads sufficient detail–in terms of time, place and content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud–to allow the defendant to prepare a responsive pleading, the requirements of Rule 9(b) will generally be met." *United States v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008). Plaintiffs argue that they have provided sufficient particularized pleading in regard to these requirements, and the Court agrees.

Plaintiffs set forth in the amended complaint the time of the Defendants' fraudulent scheme as follows: On December 12, 2001, Defendants intentionally misrepresented the yields that would result from Jennings' investments with Defendants. (Doc. # 6, ¶ 18.) Defendants

stated that if Jennings invested $40,000.00 in Defendants' company, the funds would be invested into a pool of securities. (*Id*.) Further, on August 15, 2000, Defendants falsely represented to Spencer that if he invested $21,000.00 in Defendants' company, that these funds would be invested into a pool of securities and he would receive a return on his investment plus interest. (*Id*. ¶ 49.) On September 30, 2000, Kimberly Bodrick issued $53,000.00 in worthless checks to Spencer. (*Id*. ¶ 37.) These allegations set forth the time of Defendants' fraudulent scheme.

The amended complaint does not expressly indicate the place at which the purported misrepresentations took place. However, the pleading does identify the place implicitly; namely, Defendants solicited and represented their company, Liberty Group, as an investment company with foreign products, including products managed by Union Bank in Lagos, Nigeria. (*Id*. ¶ 9.) Defendants allegedly induced the investment by Jennings on December 12, 2001, via email from DBODRICK1@aol.com to DeWayne.Jennings@dscc.dla.mil. (*Id*. Ex. A.) Defendants allegedly also induced the investment by Jennings on January 29, 2002, in Liberty Group at a place known by Defendants and Jennings. (*Id*.) Moreover, Plaintiffs aver that Defendants entered into a personal loan contract at a location known to both Defendants and Spencer as indicated by their signatures, on August 12, 2000. (*Id*. Ex. B.) Thus, by logical implication, Plaintiffs have pled the place of the alleged fraud and intentional misrepresentations.

The content of the representation is also contained within Plaintiffs' amended complaint. Plaintiffs allege that Defendants purported to hold, manage, or have a right to manage a pool of securities or other assets and to sell and invest these securities in other than a registered public offering. (*Id*. ¶ 15.) Specifically, Plaintiffs aver that Defendants represented to Jennings and Spencer that if they invested $40,000.00 and $21,000.00, respectively, in Defendants' company,

5

that these funds would be invested into a pool of securities from which they would receive the return on their investment plus interest. (*Id*. ¶¶ 18, 46-48.)

Further, in compliance with the Sixth Circuit's explanation in *Ford Motor Co.*, the nature of the scheme is also contained within Plaintiffs' amended complaint. *See Ford Motor Co.*, 532 F.3d at 504. Plaintiffs allege that Defendants engaged in a scheme to defraud investors through the sale of nonexempt unregistered securities. (Doc. #6, ¶ 13.) Plaintiffs also plead in detail the injury resulting from the fraud, namely, the loss and non-return of the money invested by Jennings and by Spencer. (*Id*. ¶¶ 11, 18; 38, and Ex. B.) Spencer avers that he has relied to his detriment on Kimberly Bodrick's representation, specifically, that he would receive $35,000.00 for his investment. (*Id*.) Though Defendants claim that there is no actual proof that Spencer relied to his detriment on Defendant's representation, such as cashing her checks to show actual, true reliance (Doc. #10 ¶ 4), no actual proof is requires at this juncture. *Shapiro*, 634 F. Supp. at 593. Rather, the Court must determine if the complaint provides Defendants notice of the nature of claims against them. *Id*. Plaintiffs allege that Spencer did enter into a personal loan agreement with Defendants and that Spencer relied on the promises of Defendants to do so. Thus, Rule 9(b)'s requirement to plead with particularity in regards to the injury resulting from the alleged fraud is satisfied. (Doc. #6 Ex. B).

Plaintiffs have also pled fraudulent intent sufficiently. As previously discussed, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b) permits a plaintiff to plead intent generally, and Plaintiffs aver that Defendants knowingly made material

misrepresentations. (*Id.* ¶ 17, 36.) Those allegations are sufficient.

The Court concludes that Plaintiffs adequately set forth the "who, what, when, where, and how" of the alleged fraud so as to allow the defendant to prepare a responsive pleading. *See U.S. ex. Rel. Howard v. Lockheed Martin Corp.*, 499 F. Supp. 2d 972 (S.D.Ohio 2007). Rule 9(b) does not require pleading by magic words or analysis without common sense. Instead, the rule requires sufficient particularity as to essential components of claims of fraud so as to permit a defendant to provide a meaningful answer and to proceed with developing a defense. Essentially, Plaintiffs' amended complaint " provide[s] fair notice to Defendants and enable[s] them to prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999). Plaintiffs have satisfied the standard of pleading with sufficient particularity and to conclude otherwise would encourage a disingenuous game of "gotcha" litigation in which a pleading is read neither in context nor with attention to the obvious.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss Plaintiffs' Fraud Claims. (Doc. #10.)

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE