UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEWAYNE M. JENNINGS, et al.,

      Plaintiffs,

  v.

DWAYNE A. BODRICK, et al.,

      Defendants.

Case No. 2:09-cv-208
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiffs' joint motion for summary judgment (Doc. # 34), Defendants' memorandum in opposition (Doc. # 40), and Plaintiffs' reply memorandum (Doc. # 45). For the reasons that follow, this Court finds the motion not well taken.

**I. Background**

Defendants Dwayne A. Bodrick and Kimberly Bodrick own the company Liberty Group, an Ohio corporation, and hold themselves out as investment advisors. Plaintiffs Dewayne Jennings and John W. Spencer are both Ohio residents who entered into investment agreements with Defendants. The business relationships soured, however, when Defendants allegedly failed to repay Plaintiffs as promised.

Jennings filed the instant action against Defendants on March 17, 2009. Spencer subsequently joined the action via an amended complaint Plaintiffs filed on March 23, 2009. (Doc. # 6.) That seven-count pleading asserts claims for violation of the Securities and

Exchange Act of 1934, 15 U.S.C. § 78 et seq. (Counts 1 and 7), violation of Ohio Revised Code §§ 1707.01 to 1707.45 (Count 2), fraud (Counts 3 and 6), and breach of contract (Counts 4 and 5). (Id. ¶¶ 13-49.) Defendants filed a motion to dismiss the fraud claims (Doc. # 10), and this Court denied that motion in a June 9, 2009 Opinion and Order (Doc. # 24). Plaintiffs subsequently filed a motion for summary judgment on the breach of contract claims. (Doc. # 34.) The parties have completed briefing on the summary judgment motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B. Analysis**

Plaintiffs both move for summary judgment on their state law claims for breach of contract. In Count 4, Jennings claims that Defendants breached a contract with him when they failed to repay $40,000.00. (Doc. # 6 ¶¶ 30-32.) Jennings' argument for summary judgment on this count begins with his reliance on the deposition testimony of Kimberly Bodrick. Without directing this Court to any specific page numbers in the deposition, Jennings asserts that Kimberly Bodrick testified that "there was some type of contract" between the parties, that she "d[i]dn't know much except that there was some type of agreement," and that she "d[i]dn't even know what the dollar amount is." (Doc. # 34, at 7-8.) Kimberly Bodrick allegedly further testified that she did not believe that she had any responsibility for any amounts owed to Jennings. (*Id.* at 8.)

Jennings then directs this Court to three exhibits attached to his briefing. The first exhibit is a wire transfer indicating a transfer of $26,000.00 from Jennings to Bodrick (Doc. # 34-3, Ex. C.) The second exhibit is a cashier's check payable to National Liberty Corp. in the amount of $2,500.00. (Doc. # 34-4, Ex. D.) The third exhibit is an affidavit by Jennings in which he asserts that Dwayne Bodrick solicited funds from him with a promise of no risk and a return of principal plus interest, that he gave monies to Dwayne Bodrick in three transactions totaling $38,500.00, and that he has not received any money in return despite repeated demands.

3

(Doc. # 34-5, Ex. E ¶¶ 1-7.)

None of the foregoing entitles Jennings to summary judgment. This Court is under no duty to scour the deposition transcript for the evidence upon which Jennings seeks to rely; the duty is on Jennings to direct this Court to the pages involved. *See* S. D. Ohio Civ. R. 7.2(e) (providing that "[w]hen a substantial number of pages of deposition transcripts or exhibits must be referenced for the full and fair presentation of a matter, counsel shall simply reference on their memoranda *the specific pages* at which key testimony is found" (emphasis added)); *Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008) ("It is not the district court's . . . duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support of its arguments before the court."); *cf. InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."). Jennings' failure to cite specific pages "leaves this Court groping 'unaided for factual needles in a documentary haystack' " and " 'unfairly shift[s] the burdens of litigation to the court.' " *Grant v. El Conquistador Partnership L.P.*, No. 06-1849 (SEC), 2009 WL 1140261, at *2 (D. Puerto Rico Apr. 27, 2009) (quoting *Sanchez-Figueroa v. Banco Popular de Puerto Rico*, 527 F.3d 209, 213 (1st Cir. 2008)).

Even initially accepting the representations in the briefing as to the contents of the deposition as correct–as well as finding and reviewing the relied-upon portion of the Kimberly Bodrick deposition independently–this Court finds the selected testimony provisions of little help. At best, the testimony only confirms the existence of an apparent agreement while failing

4

to set forth the terms of that agreement or the amount involved.

The memorandum in support of the summary judgment motion states that "the claims of Mr. Jennings are not the products of either worthless checks being written or a promissory note. Mr. Jennings was orally advised to send funds and told he would be repaid." (Doc. # 34, at 7.) This statement, which is not evidence and which contains no reference to summary judgment evidence, contrasts with Jennings' reply memorandum in which he states that he "is not suing Defendants on oral promises" and that he "is suing on the written agreements provided by Bodrick and attached to the motion for summary judgment." (Doc. # 45, at 2.) None of the attachments to the motion for summary judgment, however, are a written agreement between Jennings and Dwayne Bodrick.

Jennings apparently intends for the unauthenticated exhibits presenting a wire transfer and a check to reflect two of the three exchanges of money indicated in his affidavit, but the affidavit fails to refer to these documents. The submission of such documents is problematic. *See Magnum Towing & Recovery*, 287 F. App'x at 448 ("the district court properly did not consider any documents . . . that were unauthenticated or otherwise failed to meet the requirements of Rule 56(e) of the Federal Rules of Civil Procedure"). Assuming *arguendo* that the Court can properly consider the documents, the amount of money involved falls short of the $28,500.00 that Jennings asserts in his motion briefing that he has given to Dwayne Bodrick. (Doc. # 34, at 8.) This figure of $28,500.00 is different than the figure of $38,500.00 that Jennings' affidavit states he gave to Dwayne Bodrick. (Doc. # 34-5, Ex. E ¶ 5.) The $38.500.00 affidavit figure is consistent with the $38,500.00 that Jennings asks for in his summary judgment briefing–but none of these figures add up to the $40,000.00 figure presented in the amended

complaint. Thus, although there is some indication that some money exchanged hands, there is no evidence to which this Court has been directed indicating the actual specific terms of any oral or written contract, including the amounts involved, any repayment schedule, or any other such materially relevant fact.

As the party seeking summary judgment, Jennings bears the initial burden of showing the absence of a genuine issue of material fact. *Johnson v. U.S. Postal Serv.*, 64 F.3d 233, 236 (6th Cir. 1995)(citing *Celotex Corp.*, 477 U.S. at 323). Drawing all reasonable inferences in favor of the non-movants, issues of fact exists preventing summary judgment here.[1]

This leaves for discussion Spencer's argument for summary judgment on his own breach of contract claim constituting Count 5 of the amended complaint. (Doc. # 6 ¶¶ 33-35.) In an effort to obtain summary judgment, Spencer first directs this Court to an exhibit to his summary judgment briefing consisting of two personal checks totaling $53,000.00, made payable to Spencer, drawn on the account of Kimberly Bodrick, and signed by allegedly by Dwayne Bodrick using his wife's name. (Doc. # 34-1, Ex. A.) Spencer also relies upon the deposition testimony of Dwayne Bodrick, in which the deponent admits to signing his wife's name on one check and asserts that, at Spencer's request, he provided two checks to the man to hold until funds came into the account to cover the checks. Additionally, again without providing page number references, Spencer purports to rely on the deposition testimony of Kimberly Bodrick, who denies authorizing her husband to sign two checks constituting deposition Exhibit C in her

---

[1] In their memorandum in opposition, Defendants curiously state that "[i]f any judgment is awarded, it should be summary judgment in favor of Defendants as to Plaintiff Jennings' state law claims." (Doc. # 40, at 8.) If this statement is meant to constitute an actual attempt at obtaining summary judgment, the Court notes that such a statement is not a permissible substitute for filing an actual motion for summary judgment.

name.

Based on the foregoing, Spencer argues that he entitled to summary judgment on his breach of contract claim under Ohio Revised Code 2307.61–a statute not cited in the pleading–which Spencer explains provides a civil cause of action for passing bad checks. Spencer asks this Court to award $159,000.00 in statutory damages.

Spencer then directs this Court to an exhibit attached to his summary judgment briefing that he asserts is a promissory note between Dwayne Bodrick and himself. According to purported deposition testimony by Dwayne Bodrick–once again Spencer references the deposition but does not provide this Court with page citations–Dwayne Bodrick identified a deposition Exhibit B a document he signed, admitted that he had borrowed $21,000.00 from Spencer, and that he did not pay back the money because he lacks the resources to make such payment. (Doc. # 34, at 6.)

Like Jennings, Spencer does not prevail on summary judgment. There is no authentication of the two checks attached to the summary judgment briefing. Assuming *arguendo* that the Court can and should consider these checks (and there is no evidence that these checks are the checks considered at the Dwayne Bodrick deposition because the deposition exhibits are not part of the record), there is no evidence that the parties intended them to be valid at the time they were made. Instead, as Spencer notes in his memorandum in opposition, Dwayne Bodrick testified that he gave the checks to Spencer to hold until there were funds in the relevant account to cover the checks. This presents an issue of fact as to the terms of the parties' agreement.

Assuming *arguendo* that the unauthenticated Exhibit B attached to the summary

judgment briefing is the same "Exhibit B" involved in the deposition of Dwayne Bodrick–again, the deposition exhibits are not included in the record before this Court–the "Personal Loan Agreement" involves an apparent loan of $21,000.00 with a promise of repayment in three days of a sum of $35,000.00, with no other interest amount indicated, no integration clause, and no provision excluding subsequent oral modification. In other words, assuming for the sake of argument that this Court should consider the proffered exhibit as the contract that has apparently been breached, there is no basis to conclude that the parties' subsequent dealings did not by agreement modify that contract. Issues of fact going to the terms of the parties' agreement(s) exist so as to preclude summary judgment in Spencer's favor.[2]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' joint motion for summary Judgment. (Doc. # 34.)

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

---

[2] Having concluded that issues of fact preclude summary judgment in regard to both plaintiffs, the Court need not and does not address Defendants' remaining moot arguments, such as the assertion that their prior bankruptcy discharge prevents summary judgment.