```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


DeWayne M. Jennings, et al.,    :

       Plaintiffs,              :

    v.                          :    Case No. 2:09-cv-208

                                :    JUDGE ALGENON L. MARBLEY
Dwayne A. Bodrick, et al.,           Magistrate Judge Kemp

       Defendants.              :
```

REPORT AND RECOMMENDATION

This securities fraud action was filed in this Court in 2009. After it was set for trial, and after Plaintiffs' motion for summary judgment was denied, Defendants filed a suggestion of bankruptcy (Doc. 49). The Court then stayed the case. That stay was later lifted based on the dismissal of the bankruptcy case, and a new trial date was set (Doc. 57). Before the trial could begin, Defendants filed a second notice of bankruptcy case filing (Doc. 69), and the Court administratively closed the case based on the automatic stay provisions contained in 11 U.S.C. §362. See Doc. 70.

Over three years after that order was entered, Plaintiff Dewayne Jennings filed a motion to vacate the stay and reopen the case. In his motion, he represented that the stay was based upon the Defendants' filing of a Chapter 13 case on January 6, 2011, and that the bankruptcy case had been dismissed on August 20, 2014. On October 29, 2014, this Court again vacated the stay and reopened the case. However, prior to that date, Defendants filed a Chapter 7 case. See Doc. 77. In response, this Court again stayed and administratively closed this case (Doc. 78).

On June 18, 2015, Plaintiff Jennings filed a third motion to

reopen, arguing that any automatic stay imposed by 11 U.S.C. §362 had expired thirty days after the most recent bankruptcy filing due to the provision in §362(c)(3) which states that the stay resulting from the filing of a bankruptcy case which is itself filed within one year of the dismissal of a prior case "shall terminate with respect to the debtor on the 30th day after the filing of the later case."  The motion drew no opposition from Defendants and the Court granted it (Doc. 80).

It might be assumed, based on this history, that no further argument could be made that the automatic stay provisions of §362 prohibited the prosecution of this case.  However, after the Court granted several extensions of the summary judgment motion filing date, Defendants filed yet another document entitled "Limited Appearance of Counsel for Defendant and Suggestion of General Order of Reference to Bankruptcy Court."  (Doc. 88).  That document did not explicitly rely on §362, but suggested that because Plaintiff Jennings had filed an action seeking a determination of non-dischargability in the bankruptcy court (an action which was disclosed in the most recent motion to reopen), and due to the operation of this Court's order of reference of such matters to the bankruptcy court, this Court should defer further proceedings until the adversary action could be resolved.  In a later filing, however (Doc. 96), Defendants contend that the automatic stay applies, although they do not mention or respond to the argument that it expired on October 16, 2014, through the operation of §362(c)(3).  The issue of whether to stay this case once again has been referred to the Magistrate Judge for a report and recommendation (Doc. 93).

The Court has little difficulty determining that the automatic stay provisions of 11 U.S.C. §362 are not applicable here.  Section 362(c)(3) means exactly what it says (although it may not say it with any particular precision, see, e.g. In re

Baldassaro, 338 B.R. 178 (D.N.H. 2006)): if a debtor files a new bankruptcy petition within one year of the dismissal of a previous one, he or she gets only a thirty-day automatic stay. The purpose of that provision, added to the statute as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, is to prevent abuses of the bankruptcy process, and to provide for a short stay when a successive petition is filed unless the debtor can show that the filing was made in good faith.  See, e.g., In re Whitaker, 341 B.R. 336, 342 (S.D. Ga. 2006)(" individual debtors who file a new case within a year of having had a previous case (or cases) dismissed will be subject to a statutory presumption that the most recent case is not filed in good faith").  The bankruptcy court can, upon application by the debtor filed within the thirty-day period, extend the stay, see §362(c)(3)(B), but there is no evidence that such a procedure was followed here.  Consequently, there is no automatic stay in place.

    Defendants may be contending, however, that because Plaintiff Jennings (but not Plaintiff Spencer, who does not appear to have been heard from since he filed a motion in January, 2011) filed an action to determine non-dischargability in the bankruptcy court, this Court should stay any proceedings here until after the bankruptcy court rules on the merits of that action.  The pendency of that action has also prompted Mr. Jennings to file a number of motions to extend the dispositive motions filing date here; for example, his most recent motion for extension (Doc. 99) states that "the Bankruptcy Court's Decision may bind this Court as to whether there are genuine issues of fact present."  That suggests that even Mr. Jennings seems to feel that there would be some incongruity in having both cases proceed at the same time.

    The Court is not entirely convinced that the simultaneous

progression of this action and the adversary proceeding would be an inefficient use of judicial resources.  As the Court understands it, the primary thrust of the adversary proceeding (which is Case No. 2:14-ap-2333) is to obtain a determination that the debt upon which Mr. Jennings seeks to recover was procured by fraud.  In his motion for summary judgment (Doc. 50 in that case), Mr. Jennings asked only that the Court determine that the debt was procured by fraud and was not dischargable.  He relied on a prior decision of the bankruptcy court in Case No. 2:11-ap-2162 as collaterally estopping Defendants from arguing that the debt was not procured by fraud, but Judge Preston, in an opinion just filed on September 19, 2016, rejected that argument.  She has set the matter for a pretrial conference.  Mr. Jennings has not reduced his claim to judgment, however, and it is not clear that he intends to do so as part of the bankruptcy proceeding.  Further, Mr. Spencer is not a participant to those proceedings, and nothing about the pendency of Mr. Jennings' adversary proceeding would prevent Mr. Spencer from moving forward with his claim, although he may have abandoned it based on the lack of any filings by him in over five years.

    Taking all of these factors together, the Court sees no legal impediment to this case's continuing to be litigated even while Mr. Jennings' adversary proceeding is pending in the bankruptcy court.  On the other hand, if Mr. Jennings is content to await the outcome of that case before moving for summary judgment here, that may make some logical sense; if the debt involved in this case can be discharged in the bankruptcy case, there would seem to be no reason for him to attempt to obtain a judgment on it here.  Consequently, the Court recommends that, as a matter of discretion, this case be stayed and administratively closed once again pending the resolution of the adversary proceeding, which will resolve the issue of whether the debt can

be discharged, and may (because Mr. Jennings has asked, in his complaint, for judgment in his favor as well on the underlying claim) resolve all of the issues present in this case.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge