# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEWAYNE M. JENNINGS,** *et al.*,

    **Plaintiffs,**

                                  Civil Action 2:09-cv-208
                                  Judge Algenon L. Marbley
    v.                            Magistrate Judge Chelsey M. Vascura

**DWAYNE A. BODRICK,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's July 5, 2018 Show Cause Order (ECF No. 110), in which the Court directed Plaintiffs to show cause for their failure to respond to the Court's May 3, 2018 Order (ECF No. 104), and May 29, 2018 Show Cause Order (ECF No. 105; *see also* ECF No 108). For the reasons that follow, it is **RECOMMENDED** that Plaintiffs' action be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## I.

Plaintiff filed this action on March 17, 2009. (ECF No. 1.) On October 20, 2016, the case was stayed pending resolution of a related adversary proceeding in the United States Bankruptcy Court for the Southern District of Ohio (Case No. 14-ap-2333 (Bankr. S.D. Ohio, Dec. 12, 2014)). (Oct. 20, 2018 Order, ECF No. 102.) No further action took place in this matter until the Court issued its May 3, 2018 Order directing the parties to file a written report detailing that status of the case by May 17, 2018. (May 3, 2018 Order, ECF No. 104.)

Because the parties failed to file a written report by the May 17, 2018 deadline, the Court issued a Show Cause Order directing the parties to show cause by June 12, 2018 for their failure to comply with the Court's May 3 Order. (May 29, 2018 Show Cause Order, ECF No. 105.)

On June 14, 2018, Plaintiff DeWayne Jennings filed a Motion for Extension of Time (ECF No. 107), seeking an additional 14 days in which to respond to the May 29 Show Cause Order. In his Motion, Mr. Jennings's counsel represented that he had not spoken with Mr. Jennings since September 2017 and that Mr. Jennings requested the additional time so that he could "seek legal advice on how to proceed with this matter." (*Id.* at 1.) Based on Mr. Jennings's representation, the Court granted his request, extending the time by which he was required to respond to the May 29 Show Cause Order to June 29, 2018. (June 15, 2018 Order, ECF No. 108.)

Because the parties failed to comply with the May 29 Show Cause Order, the Court issued a second Show Cause Order on July 5, 2018. (July 5, 2018 Show Cause Order, ECF No. 110.) In the July 5 Show Cause Order, the Court ordered Plaintiffs to show cause by July 19, 2018, for their failure to comply with this Court's previous orders. Plaintiffs were also cautioned that failure to comply with the Court's Order would result in dismissal of this case for failure to prosecute. To date, Plaintiffs have failed to comply with the Court's July 5 Show Cause Order, and no further action has taken place in this matter.

## II.

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with

2

these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, the parties have failed to comply with clear orders of the Court (1) directing them to file written a written report detailing the status of this case and (2) directing them to show cause for their failure to comply with this Court's Order or otherwise prosecute this case. Moreover, the Court explicitly cautioned Plaintiffs in its July 5 Show Cause Order that failure to comply would result in dismissal of this action pursuant to Rule 41(b) for failure to prosecute. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior

3

notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiffs' failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").

Because Plaintiffs have missed deadlines and disregarded Court orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      /s/ *Chelsey M. Vascura*
    CHELSEY M. VASCURA
    UNITED STATES MAGISTRATE JUDGE